Brooks v. New Hampshire Supreme Court CV-95-166-M    09/07/95

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Troy Brooks,
        Plaintiff,

        v.                                          Civil No. 95-166-M

New Hampshire Supreme Court, et al.,
        Defendants.


O R D E R


Currently pending before the court are two Motions for Temporary Restraining Order (documents no. 19 and 24), an Objection to Magistrate Judge's Report and Recommendation relative to Plaintiff's earlier Motion for Preliminary Injunction (document no. 20), and, by implication, a motion to reconsider the court's denial of plaintiff's third motion for temporary restraining order (document no. 21).  A telephone conference was held on the afternoon of September 6, 1995.  Attorney Philip T. Cobbin, Esq., appeared on behalf of the plaintiff and Senior Assistant Attorney General Stephen J. Judge appeared on behalf of the defendants.  For the reasons briefly outlined below, plaintiff's motions for temporary restraining order are denied, the report and recommendation of the magistrate judge is approved

and accepted, and plaintiff's motion for preliminary injunction is denied.

Like the magistrate judge, I also find plaintiff's pleadings, both those filed by him in his pro se capacity and those subsequently filed through counsel, to be unclear and somewhat difficult to decipher. Nevertheless, it is apparent that, essentially, plaintiff seeks preliminary injunctive relief staying pending state administrative and judicial proceedings related to enforcement of the New Hampshire Supreme Court's confidentiality rules applicable to proceedings before its Professional Conduct Committee and Judicial Conduct Committee, as well as a collateral state civil paternity suit.

The magistrate judge considered plaintiff's preliminary injunction motion (28 U.S.C. § 636(b)(1)(B)) and filed a report (document no. 13) recommending that injunctive relief be denied on grounds that plaintiff's motion essentially seeks a federally ordered stay of state court proceedings, which, in light of the restrictions imposed by the Anti-Injunction Act, 28 U.S.C. §2283,

2

and federalism-based notions of comity underlying the Younger Abstention Doctrine,[1] ought not to be granted.

A.    The Hearing on Plaintiff's Petition to the Supreme Court.

It appears from the pleadings, and from the discussion with counsel, that plaintiff initiated a petition in the New Hampshire Supreme Court, invoking its original jurisdiction, for the purpose of challenging the constitutionality of certain rules of confidentiality applicable to Professional Conduct Committee and Judicial Conduct Committee proceedings.  The New Hampshire Supreme Court accepted the petition as to that issue, ordered briefs to be filed by the interested parties, and scheduled oral argument for September 7, 1995.  Part of the relief plaintiff seeks from this court is an order staying the very state court proceedings he initiated (i.e., his challenge to the constitutionality of the confidentiality rules).  In support of his motions, plaintiff asserts a general bias on the part of the New Hampshire Supreme Court Justices, which he claims will prevent him from obtaining a full and fair hearing on his federal constitutional claims in that state proceeding.

---

[1]    Younger v. Harris, 401 U.S. 37 (1971).

3

Based on the pleadings before it, this court cannot find that it "plainly appears" that plaintiff is unable to raise his federal constitutional claims or that he will not obtain a full and fair hearing in the ongoing state proceeding. Middlesex County Ethics Comm. v. Garden State Bar Ass'n., 457 U.S. 423, 435 (1982). The New Hampshire Supreme Court is unquestionably empowered to entertain and rule upon plaintiff's federal constitutional claims. Because plaintiff is a party in a civil proceeding pending before the New Hampshire Supreme Court involving important state interests, specifically the state's interest in the operation of its judicial and attorney discipline systems, and because he not only is not barred from raising his federal constitutional claims in that proceeding, but in fact has raised them, principles of federalism and comity counsel against granting the relief requested. See Younger v. Harris, supra; see generally L. Tribe, American Constitutional Law, 201-208 (2d ed. 1988).

Plaintiff's vague and general claims of bias on the part of the sitting justices of the New Hampshire Supreme Court are entirely insufficient to establish the absence of an opportunity to obtain a fair hearing in that court. To the extent plaintiff

4

believes that any of the individual justices might somehow be biased or predisposed to rule against him in his case, state procedures and mechanisms exist to address that alleged source of "unfairness." See e.g. Kugler v. Helfant, 421 U.S. 117, 127-29 (1975). However, the pleadings before this court do not indicate that plaintiff has invoked those mechanisms. For example, he apparently has not filed any motions for recusal of individual justices in his case.

So, despite claiming entitlement to the extraordinary equitable remedy of an injunction against a pending state court proceeding, plaintiff has failed to demonstrate that he has exercised any of the rights available to him in state court which would rectify his purported plight (e.g., voluntary withdrawal of his petition to the Supreme Court, motion for recusal of the justice(s) he claims are biased, etc.). Nor has plaintiff suggested that the pursuit of such avenues would prove futile. In light of all of the foregoing factors, issuance of an order enjoining the previously scheduled hearing on plaintiff's petition to the Supreme Court would be plainly inappropriate.

B.    The Professional Conduct Committee Proceedings.

Plaintiff also seeks injunctive relief relative to the Professional Conduct Committee's docketing of a committee-generated complaint against his counsel.  Specifically, the Conduct Committee, at the request of the New Hampshire Supreme Court, is making inquiry into whether Attorney Cobbin, by filing certain documents in this court's proceeding, violated a New Hampshire Supreme Court order directed to plaintiff which provided that "pending further order of the court, this [state] proceeding shall remain confidential."  Attorney Cobbin is not a litigant in this court, and does not personally invoke this court's jurisdiction on his own behalf.  Rather, the plaintiff argues that the proceeding initiated by the Conduct Committee effectively "chills" his own First Amendment rights in some way and, therefore, ought to be enjoined.

The Younger Abstention Doctrine applies not only to judicial proceedings, but also to "state administrative proceedings in which important state interests are vindicated so long as in the course of those proceedings the federal plaintiff would have a full and fair opportunity to litigate his constitutional claim." Ohio Civil Rights Comm. v. Dayton Christian Schools, Inc., ___

6

U.S. ___, 106 S.Ct. 2718, 2723 (1986). Obviously, the administrative disciplinary proceeding initiated by the Professional Conduct Committee, like plaintiff's petition to the state supreme court, involves important state interests (e.g., insuring that members of the bar, as officers of the court, fully comply with the applicable Rules of Professional Conduct and with court orders).

A review of the pleadings reveals that the Professional Conduct Committee has, consistently with its applicable rules, taken note of facts which might constitute violations of the Rules of Professional Conduct, and has accordingly instructed Attorney Cobbin to respond to its inquiry within a specified time. The inquiry appears to fall within the subject matter jurisdiction conferred upon the Committee, and the intrusion associated with its requiring Attorney Cobbin to respond is reasonable under the circumstances. Plaintiff's claim that the Committee's inquiry into his counsel's conduct substantially interferes with his own federal constitutional rights to free speech is strained at best and, in any event, plaintiff has made no showing that Attorney Cobbin (or plaintiff himself, to the extent they share an identity of interest with regard to that

7

disciplinary matter) will be unable to present federal constitutional defenses that might be available in that state administrative proceeding. Of course, review of Professional Conduct Committee determinations lies with the New Hampshire Supreme Court, which, again, is fully empowered to consider Attorney Cobbin's federal constitutional claims and, to the extent plaintiff might have standing to challenge such a determination, his claims as well.

The Report and Recommendation of the magistrate judge (document no. 13) regarding plaintiff's motion for preliminary injunction is approved and accepted, basically for the reasons set forth therein. However, plaintiff's counsel correctly points out in his third motion for temporary restraining order (document no. 24) that, because he invoked the provisions of 42 U.S.C. § 1983 in his amended complaint, the Anti-Injunction Act does not strictly prevent this court from entering an injunction staying ongoing state court proceedings, because §1983 suits have been construed to be exempt from the flat bar of §2283. Accordingly, the court does not adopt that portion of the magistrate's report and recommendation relying upon the Anti-Injunction Act.

The court will treat defendants' motion for temporary restraining order (document no. 24) as an implicit motion to reconsider the court's prior denial of his motion for temporary restraining order (document no. 21) relying on the Anti-Injunction Act, which motion to reconsider is granted. Having reconsidered plaintiff's motion for temporary restraining order (document no. 21) the court nevertheless denies the motion based upon the Younger Abstention Doctrine as discussed above. As Professor Tribe writes in his authoritative treatise:

> If it had not been clear before Pennzoil [107 S.Ct. 1519 (1987)], it is certainly clear now that the most basic underpinning of the Younger Doctrine is not any special equity concept but, rather, a federalism-based notion of comity. That notion is fully applicable even when a suit is filed under 42 U.S.C. § 1983, and thereby escapes the absolute statutory bar of the Anti-Injunction Act, 28 U.S.C. § 2283, which for nearly two centuries has barred all but specifically exempted federal court injunctions against state court proceedings. See Michim v. Foster, 407 U.S. 225, 243 (1972) (although § 1983 suits are exempt from the flat bar of § 2283, that fact does not "qualify in any way the principles of equity, comity and federalism that must restrain a federal court when asked to enjoin a state court proceeding") (emphasis added).

L. Tribe, American Constitutional Law, 203-204 n.9 (2d ed. 1988).

9

To the extent the court has discretion to grant injunctive relief under the Anti-Injunction Act, the court declines to exercise that discretion under the circumstances presented here.

Conclusion

Plaintiff's Motions for Temporary Restraining Order (documents no. 19, 21 and 24) are denied.  Plaintiff's Motion for Preliminary Injunction (document no. 20) is denied.


SO ORDERED.


_____
Steven J. McAuliffe
United States District Judge

September 7, 1995

cc:   Philip T. Cobbin, Esq.
      Stephen J. Judge, Esq.

10